**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOSEPH WARD, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) No. 07 C 3159 |
| | ) |
| GWENDOLYN EDWARDS, | ) |
| | ) |
| Appellee. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Appellant Joseph Ward's ("Ward") appeal from a bankruptcy court ruling. For the reasons stated below, we affirm the bankruptcy court.

## BACKGROUND

Ward contends that he owned a residential property at which appellee Gwendolyn Edwards ("Edwards") rented an apartment ("Apartment"). According to Ward, Edwards failed to pay her rent and, on August 25, 2006, Ward obtained a judgment against Edwards in an eviction proceeding. On October 5, 2006, Edwards was allegedly evicted from the Apartment. The Will County Sheriff's Department ("Sheriff's Department") allegedly executed the eviction and set all of Edwards'

1

personal belongings unattended in front of the apartment building. Edwards claims that, as a result, most of her personal property was lost or destroyed. Edwards also contends that Ward improperly removed her personal belongings from the Apartment since she had filed for bankruptcy on September 21, 2006 and, pursuant to 11 U.S.C. § 362 ("Section 362"), an automatic stay precluded any removal of her personal belongings from the Apartment. On September 21, 2006, notice of the bankruptcy was served on all of Edwards' creditors, including Ward.

In the bankruptcy proceedings on April 13, 2007, the bankruptcy court found that Ward had violated the automatic stay by removing Edwards' personal belongings from the Apartment. On May 23, 2007, following an evidentiary hearing on the issue of damages, the bankruptcy court awarded Edwards $2,000 in damages and $3,625 in attorneys' fees. The judgment was entered only against Ward since Edwards and the Sheriff's Department had reached a voluntary settlement. Ward subsequently appealed the bankruptcy court's finding that Ward had violated the automatic stay.

## LEGAL STANDARD

A federal district court has jurisdiction, pursuant to 28 U.S.C. § 158, to hear appeals from the rulings of a bankruptcy court. On appeal, the district court reviews the factual findings of the bankruptcy court under the clearly erroneous standard and reviews the bankruptcy court's legal findings under the *de novo* standard. *In re A-1 Paving and Contracting, Inc.*, 116 F.3d 242, 243 (7th Cir. 1997).

## DISCUSSION

Ward argues that he did not violate the automatic stay. Pursuant to 11 U.S.C. § 362(a) ("Section 362(a)"), with certain exceptions, the filing of bankruptcy by a debtor "operates as a stay . . . of . . . the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; . . . [and] any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the" bankruptcy case. 11 U.S.C. § 362(a).

### I. Eviction of Edwards' Person

Ward contends that he did not violate the automatic stay by evicting Edwards' person from the Apartment due to the exception provided in 11 U.S.C. § 362(b)(22) ("Section 362(b)(22)"). Pursuant to Section 362(b)(22), the automatic stay does not apply to "the continuation of any eviction . . . by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor. . . ." 11 U.S.C. § 362(b)(22). A bankruptcy petitioner can still obtain a stay of an eviction under the safe harbor provision in 11 U.S.C. § 362(l) by filing an affidavit and making a deposit with the appropriate clerk of court. 11 U.S.C. §

3

362(l).  In the instant action, Edwards acknowledges that Ward obtained a judgment against her in the eviction proceedings prior to her filing for bankruptcy and that she did not take advantage of the safe harbor provision.  (Appellee iv, 1).  The bankruptcy court also found that the eviction of Edwards' person did not violate the automatic stay and that issue has not been raised on appeal by Ward.  (4/13/07 HR 5)(Appellant 4).

## II.  Removal of Edwards' Personal Belongings

Ward argues that he did not violate the automatic stay by removing Edwards' personal belongings from the Apartment.  In an oral decision, the bankruptcy judge concluded that the removal of Edwards' personal belongings did not fall within the exception to the automatic stay provided for evictions in Section 362(b)(22). (4/13/07 HR 4).  The bankruptcy judge, referring to the language in Section 362(b)(22) that states the exception covers eviction proceedings "against a debtor," concluded that the exception does not apply to a debtor's property since it is not specifically referenced in Section 362(b)(22).  (4/13/07 HR 5).  The bankruptcy judge concluded that a judge was bound to follow the law as it is written by Congress, and the bankruptcy judge found that Edwards' personal belongings were thus protected by the automatic stay.  (4/13/07 HR 4-5).  Ward argues that the bankruptcy court erred in concluding that Section 362(b)(22) does not allow a landlord to remove an evicted  tenant's property from a dwelling.  On the other hand, Edwards argues that the Bankruptcy Code makes clear distinctions between the

4

person of the debtor and the property of the debtor or the estate. Edwards argues that the language in Section 362(b)(22) referring to eviction proceedings "against a debtor" was not intended to refer to the property of the debtor or the estate.

## A. Duty to Turn Over Property of the Estate

We recognize that both Ward and Edwards have presented reasons and support for their interpretations of Section 362(b)(22). Both parties have also provided policy concerns that support their interpretations. However, we need not resolve which interpretation is correct because, apart from the eviction exception to Section 362(a), Ward had an obligation relating to the property of Edwards since Ward was officially placed on notice on September 21, 2006 that Edwards had filed for bankruptcy. There is an independent duty placed upon Ward under 11 U.S.C. § 542(a) ("Section 542(a)") to turn over any property of Edwards' estate to the bankruptcy trustee ("Trustee"). Ward's actions in having Edwards' personal property removed from the Apartment violated the Bankruptcy Code. Pursuant to Section 542(a), with certain limited exceptions, "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease . . ., or that the debtor may exempt under section 522 of [the Bankruptcy Code], *shall deliver to the trustee, and account for, such property or the value of such property*, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a)(emphasis added).

In the instant appeal, Ward has not challenged Edwards' assertion that on

September 21, 2006, before the eviction, the bankruptcy court "caused a Notice of Chapter 13 Bankruptcy Case, meeting of Creditor, & Deadlines, Proof of Claim and Chapter 12 Plan . . . to be served on all creditors including Ward," by serving Ward's attorney, Gary K. Davidson ("Davidson"). (Appellee iv). Also in the record is a copy of the notice and the certificate of service for Davidson's receipt of the notice. (W Ex. A-6-8). Ward has also not challenged Edwards' contention that the estimated value of her missing or destroyed personal property was $3,500. (W Ex. A-3). Thus, the personal property in the Apartment could not be characterized as being of "inconsequential value or benefit to the estate." 11 U.S.C. § 542(a).

Thus, after Ward had obtained the judgment against Edwards in the eviction proceedings and Ward received notice of Edwards' filing for bankruptcy, Ward had an affirmative duty to take steps to deliver Edwards' personal property to the Trustee. Section, 542(a) provides that a person in the possession of property of the estate "shall" deliver the property to the Trustee. 11 U.S.C. § 542(a). Nowhere in Section 542(a) does it state that the delivery of property to the Trustee is optional. Nowhere in Section 542(a) does it state that there is an exception to the turnover duty for landlords that are evicting tenants.

There is nothing in the record that indicates that Ward took any steps to contact the Trustee and deliver Edwards' property to the Trustee or that Ward even made an effort to let the Trustee know about the personal property of Edwards in the Apartment before removing it. Instead, it is undisputed that Ward, having notice that the personal property was part of a bankruptcy estate, ordered the personal property

6

to be placed in front of the apartment building unattended resulting in the loss and destruction of the property. Ward thus violated Section 542(a) when Ward had Edwards' personal belongings removed from the Apartment. We also note that another court has followed this same reasoning in concluding that Section 362(b)(22) does not enable a landlord to remove the personal property of an evicted tenant in bankruptcy. *See in re Baird*, 2006 WL 3922527, at \*4 (Bankr. E.D. Tenn. 2006)(stating that in light of Section 542(a), the removal of an evicted tenant's personal belongings would violate the automatic stay).

### B. Personal Property Exemption

Ward also argues that his actions did not impact Edwards' estate since Edwards can obtain an exemption from the bankruptcy estate for $4,000 of personal property pursuant to 11 U.S.C. § 522(b)(3)(B) and 735 ILCS 5/12-1001. Ward contends that the personal property at issue in this case was not worth more than $4,000 and that Ward's actions did not impact the bankruptcy estate, which the automatic stay is intended to protect. However, a review of the record does not show that Ward ever presented this argument to the bankruptcy judge. The argument was not included in any of the documents attached by Ward to the appellant's brief, which included Ward's motion to dismiss, Ward's memorandum of law in support of the motion to dismiss, and Ward's response to Edwards' reply. Ward has also attached portions of the transcript of the April 13, 2007 hearing before the bankruptcy court, and nowhere in the transcript provided by Ward does he raise this

7

argument concerning the personal property exemption. Thus, Ward has improperly presented the personal property exception on appeal. *See In re De Vries Grain & Fertilizer, Inc.*, 12 F.3d 101, 105 (7th Cir. 1993)(stating that arguments not raised before the bankruptcy court should not be considered on appeal).

In addition, regardless of whether Ward presented this argument to the bankruptcy court, the exemption was a right that was available to Edwards, not to Ward. There is nothing in the record indicating that Edwards requested such an exemption or intended to take such an exemption. As the record stands before us, at the time that Ward executed the eviction, the personal property of Edwards remained a part of the bankruptcy estate and any future possible requests made by Edwards during the bankruptcy proceedings for an exemption was irrelevant. The personal property was a part of the bankruptcy estate when the eviction occurred and thus Ward had an obligation to do other than place it outside unattended where it could be lost and destroyed. The automatic stay in Section 362(a) is intended to protect the property of the bankruptcy estate. Ward, by initiating the loss and destruction of property of the estate, in violation of Section 542(a), violated the automatic stay. The personal property of Edwards was supposed to become a part of the debtor's estate, which, under the law, is supposed to be dispersed in an orderly fashion to all of Edwards' creditors. Based on the reasons stated above, we affirm the bankruptcy court.

## CONCLUSION

Based on the foregoing analysis, we affirm the bankruptcy court.


_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   October 10, 2007